**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LANCE ADAM GOLDMAN,

    Petitioner,       Case. No. 2:19-cv-11380

v.              Hon. Denise Page Hood

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
PETITION FOR HABEAS CORPUS [DKT. NO. 1],
DENYING THE MOTION FOR IMMEDIATE CONSIDERATION AND
STAYING EXTRADITION [DKT. NO. 3], AND DENYING CERTIFICATE
OF APPEALABILITY**

**I. INTRODUCTION**

Petitioner Lance Adam Goldman, currently in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for writ of habeas corpus challenging his extradition to Florida, pursuant to the Interstate Agreement on Detainers. After reviewing the petition, it appears that Goldman has not exhausted his state court remedies, which a prisoner must do before applying to the federal courts for habeas corpus relief. Therefore, under Rule 4 of the Rules Governing § 2254 Cases, the Court will dismiss the petition without prejudice and deny his motion for a stay. The Court also denies a certificate of appealability.

## II. FACTUAL BACKGROUND

Petitioner Goldman asserts that the Michigan Department of Corrections issued him a "Notice of Detainer" regarding charges pending in the state of Florida. Petitioner did not provide the Court a copy of the notice. The petition does include copies of an Affidavit dated February 3, 2017, from the Polk County, Florida, Sheriff's Office; and a charging document from the same county dated September 25, 2017. (Pet. at 6-9, 10-12, Docket No. 1, PageID 6-9, 10-12.) Petitioner was charged on three counts each of "executing a scheme to defraud on a financial institution" and "grand theft." (*Id*. at 10.)

No probable cause determination has been made by Florida, nor have the governors of the respective states granted extradition. (*Id*. at 2.) Yet Petitioner asserts that Michigan has "okayed" Florida to extradite him in violation of his rights under the IAD. (*Id*. at 3.)

Petitioner disputes that he is the person named in the affidavit. (*Id*. at 2-3.) He acknowledges that the date of birth on the affidavit matches his own but that other identifying details are incorrect. Petitioner seeks a writ of habeas corpus and an order staying his extradition to Florida. (*Id*. at 4.) It appears that Goldman's first challenge to the pending extradition is this federal habeas petition. Petitioner provides no indication that he attempted to obtain relief from the authorities of Michigan or Florida.

## III. ANALYSIS

### A. Legal standard

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994); or if it does not set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). No response to a habeas petition "is necessary when the petition is frivolous, or obviously lack[s] merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir.1970); *see also* 28 U.S.C.A. § 2243.

Section 2241, Title 28 United States Code confers upon federal courts jurisdiction to consider habeas corpus petitions filed by pretrial detainees, which applies to Goldman because of the pending charges in the State of Florida. *Norton v. Parke*, 892 F.2d 476, 478 n.5 (6th Cir. 1989) (citing *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir.1981)). Section 2241 jurisdiction is also

proper here because Petitioner seeks to prevent his extradition by Michigan to Florida; he disputes the untried charges and challenges potential future custody by the latter state. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973)). The preliminary review and summary dismissal requirements described above apply to petitions brought under section 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases (Rule 4 review may be applied to habeas corpus petitions other than those brought pursuant to § 2254); 28 U.S.C. § 2243.

Federal "courts should abstain from the exercise of [section 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. Under the doctrine of comity, allowing state courts the opportunity to correct a constitutional violation in the first instance (before the federal court intrudes) reduces friction between state and federal court systems. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id*.

## B. Interstate Agreement on Detainers

The Interstate Agreement on Detainers Act (IAD), a compact among forty-eight states, the District of Columbia, and the Federal Government, "enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." *Reed v. Farley*, 512 U.S. 339, 341 (1994) (citing 18 U.S.C. App. § 2). Under the IAD, "a prisoner held in custody by one State may 'request . . . a final disposition' of the charges underlying a detainer lodged against him by a different State." *Gilmore*, 895 F.3d at 836 (citing 18 U.S.C. app. 2, § 2, art. III(a)). Alternatively, prisoners who do not invoke the "final disposition" provision and are being transferred involuntarily have a "right to a judicial hearing in which they can bring a limited challenge to the receiving State's custody request." *Cuyler v. Adams*, 449 U.S. 433, 449 (1981).

Both the IAD and the Uniform Criminal Extradition Act (UCEA) establish procedures for prisoner transfer between jurisdictions. *Id*. at 443. The UCEA explicitly grants "a right to a pretransfer 'hearing'" where the prisoner is informed of "the receiving State's request for custody, his right to counsel, and his right to apply for a writ of habeas corpus challenging the custody request." *Id*. Michigan and Florida have enacted the Uniform Criminal Extradition Act. *See* Mich. Comp. Laws § 780.1 *et. seq*.; Fla. Stat. Ann. §§ 941.01 to 941.30. Claims alleging that a

state has failed to comply with the requirements of the UCEA are properly filed in the asylum state, in this case Michigan.

### C. Exhaustion requirements in habeas and IAD contexts

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842. The Court "is obligated to review the exhaustion issue *sua sponte*." *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987) (citing *Parker v. Rose*, 728 F.2d 392, 394 (6th Cir. 1984)). The prisoner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan,* 526 U.S. at 842; *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (citing *Picard v. Connor,* 404 U.S. 270, 275–77 (1971)). This means a petitioner must have raised his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan,* 513 U.S. at 365–66; *Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009). The federal district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28

U.S.C. § 2254(c). Claims raised under section 2241, such as the IAD claim here, are subject to a "judicially-crafted" exhaustion requirement corresponding to that of section 2254. *See Braden*, 410 U.S. at 490; *Parke*, 892 F.2d at 479; *see also Collins v. Million,* 121 F. App'x 628, 630 (6th Cir. 2005); *Atkins,* 644 F.2d at 546 (courts should abstain from the exercise of jurisdiction under § 2241 if the issues raised in the petition may be resolved by state procedures available to the petitioner). Courts in the Eastern District of Michigan similarly require exhaustion of state court remedies before a petition is filed pursuant to section 2241. *Reaves v. Hofbauer,* 433 F.Supp.2d 833, 834 (E.D. Mich. 2006).

Petitioner has not alleged that he has taken any action in state court concerning the extradition proceedings. The remedies under the IAD and the UCEA remain available to him, including a hearing, at which he has a right to counsel, and state habeas corpus. Mich. Comp. Laws § 780.1 *et. seq*. Under *Braden* and *Atkins*, *supra*, this Court must abstain from acting on the petition until he has exhausted available state procedures.

Further, absent "special circumstances," the exhaustion requirement prevents a petitioner seeking habeas corpus relief "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden,* 410 U.S. at 489 (quoting *Ex parte Royall,* 117 U.S. 241, 253 (1886)). Petitioner's challenge to his Florida indictment precisely contravenes

7

*Braden*, in that Petitioner's dispute with his identification by the Polk County Sheriff's Office is an "affirmative defense" to state criminal charges. *Braden* instructs that dispute must be tried in a state court. 410 U.S. at 489; *see also Atkins*, 644 F.2d at 546.

Because the petitioner's recitation of the events surrounding his extradition proceedings does not include any mention of state habeas corpus or other state court proceedings, the Court will dismiss the petition so that Petitioner can exhaust his state court remedies.

**D. Ripeness**

Finally, in addition to his failure to exhaust, Petitioner cannot seek federal habeas corpus relief to challenge either his criminal charges in Florida nor extradition action by Michigan, because his claims are not ripe. Petitioner is in custody of the State of Michigan awaiting extradition, and he acknowledges that there is no pending governor's warrant for his extradition. (Pet. at 2, Docket No. 1, PageID 2.)

The Supreme Court has "discarded the prematurity doctrine," and now permits a habeas challenge to "confinement that would be imposed in the future," *Braden*, 410 U.S. at 488–89 (citing *Peyton v. Rowe*, 391 U.S. 54 (1968)). This includes the potential incarceration Petitioner Goldman faces if he is tried and convicted in Florida courts.

But ripeness is a different issue. The "ripeness doctrine" prevents "judicial interference until a[ ] ... decision has been formalized and its effects felt in a concrete way by the challenging parties." *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)).

The Supreme Court has provided guidance to courts evaluating a habeas corpus challenge to action taken under the UCEA, but that instruction begins with the phrase, "[o]nce the governor has granted extradition . . ." *Michigan v. Doran*, 439 U.S. 282, 288–89 (1978). The governor's warrant here remains a "contingent future event" that may not occur. *Kiser*, 765 F.3d at 606. The petition is not ripe, and there is therefore no action this Court may take.

IV. **ORDER**

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

Because the Court believes that no reasonable jurist would find that the claims presented have merit, *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000), **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*, because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002).

Finally, the Court **DENIES** Petitioner's Motions for immediate consideration and to stay extradition. (Docket No. 3.)

**SO ORDERED**.

s/Denise Page Hood<br>Chief Judge, United States District Court

Dated: June 28, 2019