**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LANCE ADAM GOLDMAN,

               Petitioner,           Case. No. 2:19-cv-11380

v.                                Hon. Denise Page Hood

MICHIGAN DEPARTMENT OF
CORRECTIONS,

               Respondent.

_____/

**OPINION AND ORDER GRANTING MOTION FOR IMMEDIATE
CONSIDERATION [DKT. NO. 8]; DENYING MOTIONS FOR RELIEF
FROM JUDGMENT [DKT. NO. 9], TO SUPPLEMENT [DKT. NO. 10],
AND FOR RELIEF FROM ORDER [DKT. NO. 11]; AND
DENYING CERTIFICATE OF APPEALABILITY**

## I.    INTRODUCTION

Petitioner Lance Adam Goldman, currently in the custody of the

Michigan Department of Corrections, filed a *pro se* petition for writ of

habeas corpus challenging his extradition to Florida pursuant to the

Interstate Agreement on Detainers (IAD). (Dkt. No. 1, filed May 9, 2019.)

This Court dismissed Goldman's petition on the basis that he had not

exhausted his state court remedies and was thus not entitled to federal

habeas corpus relief. (Dkt. No. 6, filed June 28, 2019.) Petitioner filed

motions for immediate consideration, to reopen his case, to supplement his

petition, and for relief from the Court's order. Because Petitioner has not demonstrated his entitlement to relief from judgment, the case remains closed.

## II. ANALYSIS

### A. Legal standard

A motion for reconsideration is treated as a motion to alter or amend a judgment and is governed by Rule 59(e). Such relief is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case". *Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). Rule 7.1(h)(3) of the Local Rules of the United States District Court, Eastern District of Michigan repeats *Hansmann*'s standard and adds that "the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication."

Federal Rule of Civil Procedure 60 governs motions seeking relief from judgment, providing in pertinent part that

[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . .
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Finally, Federal Rule of Civil Procedure 15 governs motions to amend or supplement pleadings. Rule 15 motions "are frequently filed and, generally speaking, 'freely' allowed[,]" but those filed after a judgment against the plaintiff are "a different story." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). As a result, the Sixth Circuit has established that a district court "lacks power" to grant a Rule 15 motion unless post judgment relief, such as that provided by Rules 59 or 60, is granted first. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (brackets omitted) (quoting *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994)); *see also Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).

## B. Discussion

Petitioner's motions fail because he meets none of the criteria for relief under either Rule 59 or 60. He identifies no palpable defect by which

the Court was misled, and he argues the same issues on which the Court previously ruled. Finally, because Plaintiff is not entitled to post-judgment relief, he may not amend or supplement his petition.

As the Court explained in greater detail in its previous Order (Dkt. No. 6), a state prisoner must exhaust all available state remedies, including an appeal to the highest state court, before a federal court may grant habeas relief. 28 U.S.C. § 2254(b)(1); *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009). If any state procedure remains available to a petitioner on a question he seeks to present to the federal court, he has not exhausted that claim. 28 U.S.C. § 2254(c).

Petitioner argues in his motions, as he did in his original petition, that no state procedures are available to him and that Michigan and Florida are denying him his rights under the Uniform Criminal Extradition Act (UCEA) and IAD. (*See*, *e.g.*, M. Suppl. at 4, Dkt. No. 10, PageID 78; M. Rel. Order at 1, Dkt. No. 11, PageID 83.) The only action Plaintiff has taken to exercise those rights was to write to the Governor of Michigan from whom he received no response. (M. Suppl. at 2, PageID 76.)

Petitioner demonstrates his awareness of his entitlement to a pre-transfer hearing pursuant to Michigan Compiled Law § 780.9. (*See id.*)

However, nowhere does he allege that he requested such a hearing, that his request was denied, that he appealed the denial to the state courts, or that he otherwise challenged and appealed the state's actions in the state courts. Petitioner bears the burden of showing exhaustion, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), and he has not met that burden.

Further, Petitioner is wrong in his assertion that state habeas relief is unavailable to him. True, such relief "is appropriate only where a habeas petitioner can show a radical defect that renders a proceeding or judgment void." *Kenney v. Booker*, 494 Mich. 852 (2013) (citing *In re Stone*, 295 Mich. 207, 209 (1940)). But a "radical defect" is "an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *Morales v. Michigan Parole Bd.*, 260 Mich. App. 29, 40 (2003) (citing *People v. Price*, 23 Mich. App. 663, 671 (1970)). If, as Petitioner asserts, Michigan is not following its own laws in carrying out the IAD or the UCEA, state habeas procedures remain available to him under *Morales*. Plaintiff must pursue state habeas corpus relief as a final exhaustion step before he may seek assistance from federal court. 28 U.S.C. § 2254(c).

## III.    ORDER

For the reasons stated above, Petitioner's motion for relief from judgment and to reopen case [Dkt. No. 9] is **DENIED**.

Petitioner's motion to supplement [Dkt. No. 10] is **DENIED**.

Petitioner's motion for relief from judgment [Dkt. No. 11] is **DENIED**.

Petitioner's motion for immediate consideration [Dkt. No. 8] is **GRANTED**.

Because the Court believes that no reasonable jurist would find that the claims presented have merit, *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000), **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*, because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002).

The case remains closed.

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 15, 2019